IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Peter Gakuba, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No: 17 C 50337 |
| | ) | |
| Christine Brannon, | ) | |
| | ) | |
| Respondent. | ) | Judge Frederick J. Kapala |

## ORDER

Petitioner's motion to proceed in forma pauperis [3] is granted. Grounds five through seven are dismissed without prejudice. Respondent is directed to answer or otherwise respond to the remaining claims within 30 days. Petitioner's reply, if any, to be filed within 30 days of the response.

## STATEMENT

Following a jury trial in the Seventeenth Judicial Circuit, Winnebago County, Illinois, petitioner, Peter Gakuba, was convicted of three counts of aggravated criminal sexual abuse and was sentenced to four years' imprisonment on each count with the sentences to run consecutively. On direct appeal, the Illinois Appellate Court, Second District, rejected the following seven arguments and affirmed petitioner's conviction and sentence: (1) the trial court erred in allowing Sergeant O'Brien to testify regarding petitioner's name and birth date; (2) the trial court erred in granting the State's motion to take a buccal sample of petitioner; (3) the evidence was insufficient to sustain his convictions; (4) that his Sixth Amendment right to self-representation was violated when his request to proceed to trial pro se was denied; (5) the trial court erred in denying his motions to disqualify the assistant state's attorney; (6) the trial court erred in denying his motions to disqualify two judges; and (7) the trial court erred in sentencing him to a term of imprisonment rather than probation and in imposing consecutive sentences. People v. Gakuba, 2017 IL App (2d) 150744-U, ¶ 47. Petitioner's petition for leave to appeal was denied. People v. Gakuba, No. 122289, 2017 WL 4386407 (Ill. Sept. 27, 2017).

Petitioner presents the same seven contentions as his grounds for relief under § 2254. Petitioner also states in his petition that he has pending before the Illinois Appellate Court an appeal of the trial court's dismissal of his post-conviction petition in which he has raised the ineffective assistance of trial counsel. See People v. Gakuba, No. 2-17–0744.

Rule 4 of the Rules Governing § 2254 Cases requires prompt examination by the court and provides, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify

the petitioner." A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995). It is clear from the record that petitioner's § 2254 grounds five through seven were not presented to the Illinois courts as federal constitutional claims and, therefore, are not exhausted. See People v. Gakuba, 2017 IL App (2d) 150744-U.

In particular, with regard to ground five, the Illinois Appellate Court rejected petitioner's contention that the trial court erred in denying his motions to disqualify the assistant state's attorney because it abused its discretion under the standard delineated in Marshall v. County of Cook, 2016 IL App (1st) 142864, ¶ 22, and violated the Illinois Counties Code, 55 ILCS 5/4-2003. Gakuba, 2017 IL App (2d) 150744-U, ¶¶ 91-99. As for ground six, the Illinois Appellate Court rejected petitioner's contention that the trial court erred in denying his motions to substitute two judges pursuant to 725 ILCS 5/114-5. The Court held that the trial court's finding that there was no indicia of judicial prejudice against petitioner was not against the manifest weight of the evidence as that standard has been articulated by the Illinois Supreme Court in People ex rel. Baricevic v. Wharton, 136 Ill. 2d 423, 439 (1990), and People v. Patterson, 192 Ill. 2d 93, 131 (2000). Id. ¶ 102. With respect to ground seven, in rejecting petitioner's sentencing arguments, the Illinois Appellate Court held that the trial court did not abuse its discretion under Illinois law in choosing incarceration over probation, id. ¶ 115, or in imposing consecutive sentences under 730 ILCS 5/5-8-4(b), id. ¶ 117.

Thus, the record is clear that grounds five through seven were not presented as federal constitutional claims nor decided as such. Those grounds are dismissed without prejudice for failure to exhaust. Consequently, petitioner will be permitted to proceed on only grounds one through four.

Date: 11/20/2017

ENTER:

_____
FREDERICK J. KAPALA

District Judge